# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re                                                          : Chapter 11
                                                               :
PJ Finance Company, LLC,                                       : Case No. _____ (____)
a Delaware limited liability company,                          :
                                                               :
       Debtor.                                         :
                                                               :
Employer's Tax Identification No.:                             :
26-2238895                                                     :
---------------------------------------------------------------x
:
In re                                                          : Chapter 11
                                                               :
PJ Holding Company Manager, LLC,                               : Case No. _____ (____)
a Delaware limited liability company,                          :
                                                               :
       Debtor.                                         :
                                                               :
Employer's Tax Identification No.:                             :
26-2238895                                                     :
---------------------------------------------------------------x
:
In re                                                          : Chapter 11
                                                               :
PJ Holding Company, LLC,                                       : Case No. _____ (____)
a Delaware limited liability company,                          :
                                                               :
       Debtor.                                         :
                                                               :
Employer's Tax Identification No.:                             :
26-2238895                                                     :
--------------------------------------------------------------- x

| | |
|---|---|
| In re | : |
| | : Chapter 11 |
| Alliance PJRT GP, Inc., | : |
| a Delaware corporation, | : Case No. _____ (\_\_\_\_) |
| Debtor. | : |
| | : |
| Employer's Tax Identification No.: | : |
| 35-2211787 | : |
| | : |

------------------------------------------------------------x

| | |
|---|---|
| In re | : |
| | : Chapter 11 |
| Alliance PJWE GP, L.L.C., | : |
| a Delaware limited liability company, | : Case No. _____ (\_\_\_\_) |
| Debtor. | : |
| | : |
| Employer's Tax Identification No.: | : |
| 20-5808133 | : |

------------------------------------------------------------x

| | |
|---|---|
| In re | : |
| | : Chapter 11 |
| Alliance PJRT Limited Partnership, | : |
| a Delaware limited partnership, | : Case No. _____ (\_\_\_\_) |
| Debtor. | : |
| | : |
| Employer's Tax Identification No.: | : |
| 35-2211789 | : |

------------------------------------------------------------x

| | |
|---|---|
| In re | : |
| | : Chapter 11 |
| Alliance PJWE Limited Partnership, | : |
| a Delaware limited partnership, | : Case No. _____ (\_\_\_\_) |
| Debtor. | : |
| | : |
| Employer's Tax Identification No.: | : |
| 20-5808198 | : |

------------------------------------------------------------x

2

EAST\44233128.3

# EX-PARTE MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] hereby move the Court for the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only and (ii) granting certain related relief (the "Motion"). In support of this Motion, the Debtors incorporate the statements contained in the Declaration of Michael W. Husman in Support of First Day Pleadings (the "First Day Declaration") filed contemporaneously herewith and further respectfully state as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## Background

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are in possession of their properties and continuing to operate their business as debtors and debtors in possession

---

[1] The Debtors are the following 7 entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): PJ Finance Company, LLC, a Delaware limited liability company (8895), PJ Holding Company Manager, LLC, a Delaware limited liability company (8895), PJ Holding Company, LLC, a Delaware limited liability company (8895), Alliance PJRT GP, Inc., a Delaware corporation (1787), Alliance PJWE GP, L.L.C., a Delaware limited liability company (8133), Alliance PJRT Limited Partnership, a Delaware limited partnership (1789), and Alliance PJWE Limited Partnership, a Delaware limited partnership (8198). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 1200 North Ashland Avenue, Suite 600, Chicago, Illinois 60622.

3

EAST\44233128.3

under sections 1107 and 1108 of the Bankruptcy Code. No trustee or official committee of unsecured creditors has been appointed in these cases.

3. The Debtors are real estate companies engaged in the acquisition, ownership, operation, management, leasing, financing, mortgaging and selling of 32 apartment communities comprising 9,504 units located in the states of Arizona, Florida, Georgia, Tennessee and Texas (the "Properties" and collectively, the "Portfolio").

4. The day-to-day operations of the Portfolio are managed by a third-party, WestCorp Management Group One, Inc. ("WestCorp"), pursuant to Management Agreements dated November 9, 2006 (the "Management Agreements") and a Sub-Management Agreement dated July 1, 2008.

5. On November 9, 2006, Alliance PJRT Limited Partnership and Alliance PJWE Limited Partnerships (collectively, the "Partnerships") entered into an Amended and Restated Loan Agreement[2] with Column Financial Inc. (along with its successors and assigns from time to time, the "Originating Lender"), whereby the Originating Lender agreed to make a loan to the Partnerships in the principal amount of $475,000,000 with a maturity date of November 11, 2016 (as amended, restated, supplemented or otherwise modified from time to time, the "Loan" or the "Prepetition Loan Agreement" and together with the other documents, instruments, notices and recordings executed, delivered and recorded, collectively, the "Prepetition Loan Documents").[3]

---

[2] At that time, the Portfolio was also subject to a senior mezzanine loan and a junior mezzanine loan, but as a result of the senior mezzanine lender's exercise of its remedies under the Uniform Commercial Code, it conducted a sale on September 4, 2009 of the pledged equity interests of the Debtors, thereby taking such interests in full satisfaction of the senior mezzanine debt.

[3] The Debtors have not completed their investigation respecting the extent, validity, priority, perfection and avoidability of the claims and liens evidenced by the Prepetition Loan Documents and reserve all rights. Nothing set forth herein shall be construed as a waiver or admission against interest on the part of the Debtors with respect thereto.

6.  On May 1, 2007, the Originating Lender sold the Prepetition Loan Documents to Credit Suisse First Boston Mortgage Securities Corp. ("Credit Suisse"). Credit Suisse purchased the Loan in order to include it in a portfolio of loans that Credit Suisse securitized by the issuance of commercial mortgage-backed securities ("CMBS"). Pursuant to that certain Pooling and Servicing Agreement, dated as of May 1, 2007 (the "Pooling and Servicing Agreement"), Credit Suisse contributed the Prepetition Loan Documents to a trust. Under the Pooling and Servicing Agreement, Bank of America, N.A. acts as successor trustee (the "Trustee" or the "Prepetition Lender")[4] and caused the issuance and sale of mortgage pass-through certificates in multiple classes denoted the Credit Suisse Commercial Mortgage Pass-Through Certificates, Series 2007-C2. Wachovia Bank, N.A. acts as the master servicer (the "Master Servicer") and Torchlight Loan Services, LLC acts as special servicer (the "Special Servicer"). Pursuant to the Prepetition Loan Documents, the Loan is secured by mortgages and deeds of trust encumbering all of the Properties in favor of the Trustee. The Partnerships are currently indebted on the Loan in the amount of $475 million plus accrued and unpaid interest, costs and fees.

7.  The Prepetition Loan Agreement is administered through a lockbox and all rents from operations of the Properties flow through the lockbox account (the "Lockbox"). After being swept daily by the Master Servicer, the rents are then distributed once a month to, and for the benefit of, the Debtors pursuant to a "waterfall" mechanism described below. As of the Petition Date, the amounts received by the Debtors through the "waterfall" are insufficient to sustain the Debtors' operations, as the Debtors continue to experience an ongoing monthly operating expense shortfall.

---

[4]  On July 26, 2010, a UCC-3 Financing Statement Amendment was filed with the Delaware Department of State, stating that Wells Fargo Bank, N.A. assigned its right, title and interest as trustee to Bank of America, N.A.

5

8. As of the date hereof, the Partnerships have trade payables outstanding in an amount of approximately $4.4 million for expenses incurred in the ordinary course of operating the Properties.

9. Owing to a combination of internal problems among the Debtors' previous shareholders and management team, the severe economic recession and the current overleveraged debt structure of the Debtors, the Portfolio currently yields insufficient rents to service both its suffocating monthly debt service obligations and those obligations related to its day to day operations. Indeed, the combination of the severe economic recession and the lasting effects of the recent decline in the multi-family real estate market has resulted in the aggregate value of the Properties to be dramatically less than the amount of the Debtors' outstanding secured debt under the Prepetition Loan Agreement.

10. Currently, all of the Debtors' cash is swept into a blocked account and after the Master Servicer funds amounts for, among other things, (i) a tax and insurance reserve, (ii) interest due on the Loan and (iii) a capital expenditure/repair reserve, the Debtors receive an amount intended for payment of the monthly operating expenses of the Debtors, including for payment of fees and expenses owing to the Manager and the Debtors' obligations related to their day to day operations. The Debtors believe, however, that the funding of certain of such reserves is excessive. Due to the large percentage of the Debtors' cash that was funded pre-petition in payment of Loan obligations and reserves through the "waterfall" mechanism, the Debtors have insufficient cash available to pay obligations for the Debtors' day to day operations as they come due. As a result of this insufficient cash flow, the Debtors have been unable to relet units as leases expire or vacancies otherwise occur in the ordinary course, or to convert vacated "off-line" rental units into lease-ready units, and make repairs and improvements on other units and in

6

common areas. Currently, over 1,700 of the total number of units are unable to be rented as there is insufficient cash available to invest in these units to return them to move-in condition and, with the upcoming notices to vacate in the next thirty days, this number will continue to increase to more than 20% of the Debtors' total units, as the Debtors do not currently have the funds to repair these vacated units. This grim reality will result in a further decline in the Debtors' revenue and create added stress on their ability to meet their obligations.

11. In order to ensure that the Properties do not deteriorate further and thus cause a further decline in revenue and value, the Debtors require a significant cash infusion and restructuring of the Loan in order to continue to operate the Properties. Working with their advisors, the Debtors have developed a comprehensive business plan that addresses the Debtors' cash flow challenges and have attempted to introduce their plan to both the Special Servicer and the Master Servicer. A critical element of this plan is the infusion of new equity capital in the Debtors' business, and the Debtors have worked diligently to attract a third-party investor to invest new equity capital into the Debtors. Unfortunately, both the Master Servicer and the Special Servicer have refused to engage in any meaningful discussions related to the Debtors' deteriorating financial condition or the Debtors' strategy to develop a consensual solution to address those problems. Accordingly, the Debtors have been left with no choice, but to file petitions under Chapter 11 of the Bankruptcy Code.

## Relief Requested

12. The Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing: (a) the joint administration of the Debtors' chapter 11 cases and (b) parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered bankruptcy cases of "PJ Finance Company, LLC, *et al.*"

13.     The Debtors further request that a docket entry be made on the docket in the chapter 11 cases of PJ Holding Company Manager, LLC, PJ Holding Company, LLC, Alliance PJRT GP, Inc., Alliance PJWE GP, L.L.C., Alliance PJRT Limited Partnership and Alliance PJWE Limited Partnership substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases: PJ Finance Company, LLC, PJ Holding Company Manager, LLC, PJ Holding Company, LLC, Alliance PJRT GP, Inc., Alliance PJWE GP, L.L.C., Alliance PJRT Limited Partnership and Alliance PJWE Limited Partnership. The docket of PJ Finance Company, LLC in Case No. 11-_____ (____) should be consulted for all matters affecting this case.

14.     A proposed consolidated caption for all notices, applications, motions and other pleadings (the "Proposed Caption") is annexed as Exhibit 1 to the proposed order approving this Motion. The Debtors request that the Court find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects.

15.     Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition or two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates." Local Rule 1015-1 states that:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon filing of a motion for joint administration … supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

PJ Finance Company, LLC (the "Parent") is a holding company that owns, directly or indirectly, 100% of the voting rights for all of the Debtors. Thus, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code, and this Court is authorized to grant the relief requested in this Motion. Further, as this is an order relating to the routine administration of a case, it may be entered by the Court in its sole discretion on an ex parte basis. See Local Rule

8

1015-1.

16. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. Entering an order directing joint administration of the Debtors' chapter 11 cases will avoid the need for duplicative notices, motions and applications, thereby saving time and expense. Joint administration also will enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

17. Furthermore, because these cases involve thousands of potential creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, (c) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases and (d) protect the creditors of each of the Debtors' estates against potential conflicts of interest. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only.

18. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." The Proposed Caption contains all of the required information and, therefore, satisfies the terms of section 342(c) of the Bankruptcy Code.

## Notice

19. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware, (b) the Debtors' largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions, (c) the Trustee, (d) the Special Servicer and (e) the Master Servicer. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief herein, the Debtors respectfully submit that no further notice of this Motion is required.

*[remainder of page intentionally left blank]*

WHEREFORE, the Debtors' respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A: (i) granting the relief requested herein and (ii) granting such other and further relief as the Court may deem proper.

Dated: March 7, 2011
Wilmington, Delaware

Respectfully submitted,

/s/ Stuart M. Brown

Stuart M. Brown (DE 4050)
Michelle E. Marino (DE 4577)
EDWARDS ANGELL PALMER & DODGE LLP
919 N. Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 777-7770
Facsimile: (302) 777-7263
Email: sbrown@eapdlaw.com
  mmarino@eapdlaw.com

-and-

Richard A. Chesley (IL 6240877)
Kimberly D. Newmarch (DE 4340)
DLA PIPER LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: richard.chesley@dlapiper.com
  kim.newmarch@dlapiper.com

PROPOSED ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

EAST\44233128.3