# Exhibit B

**(Commitment Letter)**

March 2, 2011

**VIA E-MAIL**

PJ Finance Company, LLC
1200 North Ashland Avenue
Suite 600
Chicago, Illinois 60622

Gentlemen:

Re: <u>32-property multifamily portfolio known as the PJ Portfolio ("Property")</u>

We are pleased to submit this Letter of Intent (the "Letter of Intent") for an investment in the Property.

| | |
|---|---|
| **Investor:** | Gaia Real Estate Investments LLC ("Gaia") and certain other investor(s), if any, selected by Gaia in its sole discretion (together "Investor")[1] and an affiliate of Owner (as defined below) will invest an aggregate of $42.0 million in exchange for ownership of the Property as described below. |
| **Owner:** | PJ Finance Company, LLC ("Owner") |
| **Purchase Price; Corporate Structure and Conditions Precedent:** | Investor shall fund $41 million and an affiliate of Owner (the "Owner Affiliate") shall fund $1 million to acquire 100% of the equity interests of the entity that will be formed to own the Property and consummate the Chapter 11 reorganization ("Property LLC") (collectively, the "New Money Investment"), subject to the terms and conditions set forth herein.[2] Owner will work with its attorneys and accountants to seek to structure the investment in a way that is tax efficient for the Investor. Investor and Owner each acknowledge and agree that this Letter of Intent contains the economic terms of this proposed investment that are agreeable to Investor and Owner; provided, however, each party further acknowledges and agrees to work closely with their respective attorneys in order to confirm the exact legal structure of this proposed investment. |

---

[1] The Investor specifically reserves the right to add additional third-party investors to participate in the New Money Investment. In the event no additional investors are identified by the Investor for participation, the Investor nevertheless agrees to consummate the New Money Investment on its own.

[2] Mr. Kenneth Woolley is an indirect equity holder in the Owner and is an equity holder in Gaia.

1

| | |
|---|---|
| **Governance:** | Property LLC shall have a five person Board of Directors comprised of three members selected by Investor, one member selected by Owner Affiliate and one member selected by PJ Finance Company Manager, LLC ("PJFCM"). |
| **Mezzanine Loan:** | Up to $20.0 million of the New Money Investment may be structured as an unsecured mezzanine loan or other subordinated debt (the "Mezzanine Loan") at 14% interest for a term that ends upon the later of (i) 10 years or (ii) the maturity date of Owner's senior credit facility.[3] Property LLC shall have the option to defer payments until maturity. |
| **Assumption of Guarantees:** | In connection with the New Money Investment, the Investor (or any entity controlled by it) will arrange a replacement non-recourse carveout guaranty with respect to any financing relating to the Property. |
| **Use of Proceeds:** | The $42.0 million investment will be spent by Property LLC as directed by the Board of Directors to fund closing costs (as defined below), operations of the Property and other necessary expenses (including capital expenditures), and the payment of administrative, priority and unsecured claims in an amount to be agreed upon. |
| **Milestones:** | As a condition precedent to the New Money Investment, the following must occur (the "Milestones"): |

1. The Owner shall commence a chapter 11 filing in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on or before March 7, 2011;

2. The Owner shall file a motion with the Bankruptcy Court seeking approval of the New Money Investment and Investor subject to higher and better offers (the "New Money Motion") on or before March 9, 2011;

3. The New Money Motion shall be approved by the Bankruptcy Court on or before March 21, 2011;

---

[3] To satisfy its internal accounting and tax structures, the Investor is making the investment in the form of both mezzanine debt and equity. All of the proceeds from the investment will be available immediately for use by Owner and its subsidiaries in connection with their exit from chapter 11.

2

4. On or before May 16, 2011, the Owners shall file a Plan of Reorganization (in a form reasonably satisfactory to the Investor) and accompanying Disclosure Statement with the Bankruptcy Court; and

5. On or before July 15, 2011, the Bankruptcy Court shall enter an order confirming the Owner's Plan of Reorganization ("Confirmation").

**Purchase Option:** Subsequent to the Confirmation, Owner Affiliate shall have the option to purchase 20.0% of the equity of Property LLC from Investor for $4.4 million. In the event that Owner Affiliate exercises such option, Investor will provide financing to Owner Affiliate for the entire purchase price at 8% annual interest rate (interest accrued to maturity). The note will be non-recourse and secured by Owner Affiliate's 20.0% equity interest in Property LLC.

**Property Management:** WestCorp Management Group One, LLC shall be the property manager for the Properties, subject to a duly executed property management agreement under market terms.

**Additional Conditions Precedent:** Closing shall be subject to:

1. No material title defects or material deficiency;

2. Loan modification terms with the current Lender in a form that is reasonably satisfactory to Investor;

3. Satisfactory agreement with the Lender over transfer and/or contemplated investment terms including capital repair escrow and approval of our designated property manager;

4. Chapter 11 reorganization plan and final and binding Bankruptcy Court order with respect thereto (both in a form that is reasonably satisfactory to the Investor);

5. All liens and lawsuits against the underlying properties to be resolved and satisfied; and

6. Indemnification over all environmental issues that might have originated during the time of Owner's

3

control of the Property.

**Due Diligence:** Owner shall cooperate to provide Investor full access to all due diligence materials reasonably requested by Investor.

**Closing Conditions:** The Closing will be conditioned on such normal and customary conditions as are typically set forth in comparable transactions of this nature.

**Financing:** The closing is **NOT** subject to a financing contingency.

**Confidentiality:** Owner and Investor each agrees that except for (i) disclosures required by law, or governmental or other rules and regulations by which any of the parties hereto or their affiliates are bound, (ii) disclosures to employees, officers, directors, shareholders, owners, affiliates, agents, attorneys, advisors, accountants, engineers, architects, lenders and other representatives of or advisors to Owner and/or Investor who need to know the information for the purpose of assisting such party in making determinations with respect to the New Money Investment, or (iii) disclosures ordered by any court of competent jurisdiction over the Property or any party hereto, the terms of this Letter of Intent or any aspect of this transaction are strictly confidential, and shall not be communicated to any person or entity without prior written consent of the other parties hereto. Any release to the public of information with respect to the New Money Investment or any matters set forth in the final documents governing the New Money Investment will be in the form approved by both Investor and Owner, and their respective counsel.

**Exclusivity:** As of the mutual execution and delivery of this document, Investor and Owner (and their agents and affiliates) shall work together exclusively to consummate the transaction described herein, to negotiate in good faith solely with each other, to cease negotiating with any and all other potential purchasers, lenders and investors for any competing proposal for the transaction contemplated herein or any similar equity or debt financing until the latest to occur of (i) fourteen (14) calendar days after a petition seeking Chapter 11 protection with respect to the Property is filed with the Bankruptcy Court, or (ii) the entry by the Bankruptcy Court of an order approving the New Money Motion ("Exclusivity Period").

4

| | Moreover, the above exclusivity shall apply even in the case where the parties worked together but failed to secure from the Bankruptcy Court an order approving the New Money Motion in the sense that, during the Exclusivity Period, Owner and Investor shall be barred from contracting, negotiating or joining forces with any third party for the purpose of taking ownership or control of the Property or benefitting in any other way from the Property. In the event that the Bankruptcy Court approves of a new money investment by a third party instead of by Investor, the Owner shall seek approval from the Bankruptcy Court for a break-up fee payable to the Investor in the amount of $1,000,000. |
|---|---|
| **Closing Costs:** | Each of the parties hereto shall be responsible for paying all of their respective costs and expenses in connection with this transaction, including, without limitation, the cost of its counsel, advisors and other professionals employed by it in connection herewith; provided, however, that Owner shall seek approval from the Bankruptcy Court for the Investor's reimbursement for up to $250,000 of reasonable, documented fees and expenses incurred in connection with the New Money Investment. Investor shall pay all transaction fees due and payable to CBRE pursuant to the engagement agreement between the Owner and CBRE out of the proceeds of the New Money Investment. Investor acknowledges and agrees that Investor has not contacted or dealt with any brokers or finders in connection with this proposed transaction. |

Investor and Owner understand and agree that this Letter of Intent is non-binding and merely an expression of interest of Investor and Owner in consummating the transaction described herein, does not include all of the material terms which must necessarily be part of such transaction and is subject, in all events, to the preparation, negotiation, execution and delivery by each of Investor and Owner of a definitive contract; provided, however, that the provisions entitled "Exclusivity Period" and "Confidentiality" hereof are intended to bind Investor and Owner, each of which shall be afforded all rights and remedies at law or in equity upon any breach thereof.

Very truly yours,

GAIA REAL ESTATE INVESTMENTS LLC

By: _____
Name: Danny Fishman
Title: Managing Partner

**ACCEPTED AND AGREED TO ON:** March 2, 2011:

**OWNER:**

**PJ FINANCE COMPANY, LLC**, a Delaware limited liability company

By: PJ Finance Company Manager, LLC, a Delaware limited liability company, its Manager

By: _____
Name: Michael W. Husman
Title: Authorized Signatory