IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PJ Finance Company, LLC, et al., | : | Case No. 11-10688 (BLS) |
| | : | |
| Debtors. | : | |
| | : | **Objections Due: April 1, 2011** |
| | : | **Hearing Date: April 6, 2011 at 9:00 a.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE APPLICATION OF DEBTORS FOR AN ORDER AUTHORIZING THEM TO EMPLOY AND RETAIN CBRE CAPITAL ADVISORS, INC. AS FINANCIAL ADVISORS AND INVESTMENT BANKERS NUNC PRO TUNC TO THE PETITION DATE**

In support of her objection (the "Objection") to the Application of Debtors for an Order Authorizing Them to Employ and Retain CBRE Capital Advisors, Inc. as Financial Advisors and Investment Bankers Nunc Pro Tunc to the Petition Date (the "Application"), Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

1. This Court has jurisdiction to hear the above-referenced Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard

to the above-referenced Objection.

## BACKGROUND

4. On March 7, 2011 (the "Petition Date"), each of the Debtors[1] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. On March 16, 2011, the U.S. Trustee appointed an Official Committee of Unsecured Creditors in this case (the "Committee").

6. On March 22, 2011, the Debtors filed the Application, seeking to retain CBRE Capital Advisors, Inc. ("CBRE") as their financial advisor and investment banker.

## GROUNDS/BASIS FOR RELIEF[2]

Standard of Review

7. 11 U.S.C. § 328(a) provides that:

> [t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. <u>Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.</u>

(emphasis added).

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

[2] The U.S. Trustee also raised issues regarding CBRE's fiduciary duty and CBRE's maintenance of time records. CBRE has agreed to make changes to its proposed form of order, consistent with the U.S. Trustee's request.

8. The Application, Engagement Letter and proposed order seek to subject CBRE's compensation to review only under the improvidence standards set forth in 11 U.S.C. § 328(a), with a specific exclusion from the "reasonableness" standards of 11 U.S.C. § 330. The U.S. Trustee objects to this determination being made at the time of CBRE's retention, in that such a determination is premature and inconsistent with 11 U.S.C. §§ 330 and 331. Review, consideration and approval of CBRE's fees should be deferred until the conclusion of this case when the benefit of CBRE's services can be evaluated upon application to the Court, with an opportunity for all parties in interest to comment upon or object to such an application.

9. The proposed order also seeks to subject CBRE's expenses to review only under the standard of 11 U.S.C. § 328. CBRE should be required to satisfy its burden of proof under 11 U.S.C. § 330 when it applies for reimbursement of expenses, and should not be granted the benefit of 11 U.S.C. § 328 to avoid that burden.

10. The U.S. Trustee also objects to paragraph 8 of the Engagement Letter, which provides that notwithstanding termination of the Engagement Letter, CBRE shall be entitled to full payment so long as a transaction substantially similar to the terms of "a Restructuring, Debt Financing, New Equity and/or Sale Transaction proposal made in good faith by the Company or one or more Stakeholders prior to the termination of this Agreement" is consummated at any time prior to the expiration of 12 months following the termination of the Engagement Agreement. Such payment should not be permitted except upon application to the Court and review for reasonableness under 11 U.S.C. § 330.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application as written and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

**By:**   /s/ Jane Leamy
    Jane Leamy (#4113)
    Trial Attorney
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491
    (302) 573-6497 (Fax)

Dated: April 1, 2011