**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PJ Finance Company, LLC, *et al.*,[1] | Case No. 11-10688 (BLS) |
| Debtors. | (Joint Administration) |

**GLOBAL NOTES REGARDING
DEBTORS' BANKRUPTCY SCHEDULES AND STATEMENTS**

**General Notes**

The Schedules of Assets and Liabilities (the **"Schedules"**) and Statements of Financial Affairs (the "**SOFA**" and, collectively with the Schedules, the "**Bankruptcy Materials**") of PJ Finance Company, LLC ("**PJ Finance**") and its affiliated debtors in the above-captioned, jointly administered chapter 11 cases (collectively, the "**Debtors**") were prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors and are unaudited. While Debtors' management has made reasonable efforts to ensure that the Bankruptcy Materials are accurate and complete, based upon information that was available to them at the time of preparation, subsequent information may result in material changes to the Bankruptcy Materials. Moreover, because the Bankruptcy Materials contain unaudited information which is subject to further review and potential adjustment, there can be no assurance that these Bankruptcy Materials are complete. The Debtors reserve all rights to amend the Bankruptcy Materials from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Bankruptcy Materials as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Bankruptcy Materials shall constitute a waiver of rights with respect to the above-captioned Chapter 11 cases, including but not limited to any issues involving substantive consolidation, equitable subordination, or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code or any other relevant non-bankruptcy laws to recover assets or avoid transfers. These global notes regarding the Debtors' Bankruptcy Materials ("**Global Notes**") comprise an integral part of the Bankruptcy Materials and should be referred to and considered in connection with any review of the Bankruptcy Materials.

---

[1] The Debtors are the following seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): PJ Finance Company, LLC (8895), PJ Holding Company Manager, LLC (8895), PJ Holding Company, LLC (8895), Alliance PJRT GP, Inc. (1787), Alliance PJWE GP, L.L.C. (8133), Alliance PJRT Limited Partnership (1789) (**"PJRT"**) and Alliance PJWE Limited Partnership (8198) (**"PJWE"**).

<u>Basis of Presentation.</u>   For financial reporting purposes, PJ Holding Company, LLC and its subsidiaries prepare audited consolidated financial statements annually.   The most recent audit of the consolidated financial statements was completed for the period September 4, 2009 to December 31, 2009.   PJ Finance Company, LLC, the ultimate parent holding company of the Debtors is non-operating and is not audited. Unlike the consolidated financial statements, the Bankruptcy Materials reflect the unconsolidated assets and liabilities of each individual Debtor prior to any audit adjustments for the 2010 fiscal year end audit.   The Bankruptcy Materials do not purport to represent financial statements prepared in accordance with U.S. Generally Accepted Accounting Principles ("**GAAP**").

<u>Causes of Action.</u>   The Debtors, despite their efforts, may not have listed all of their causes of action against third parties as assets in the Bankruptcy Materials.   The Debtors reserve all of their rights with respect to any causes of action they may have, and neither these Global Notes nor the Bankruptcy Materials shall be deemed a waiver of any such causes of action.

<u>Claims Description.</u>   Any failure to designate a claim on the Debtors' Bankruptcy Materials as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."   The Debtors reserve the right to dispute any claim reflected on their Bankruptcy Materials on any grounds, including but not limited to, amount, liability or classification, or to otherwise subsequently amend the Bankruptcy Materials or to designate such claims as "disputed," "contingent," or "unliquidated."

<u>Claims Paid Pursuant to Court Orders</u>.   The United States Bankruptcy Court for the District of Delaware (the "**Court**") authorized the Debtors to pay discrete prepetition claims, including but not limited to, security deposit refunds, insurance payments, certain taxes and amounts owed to WestCorp Management Group related to unpaid wages and related costs of their employees.   Consequently, certain prepetition fixed, liquidated and undisputed unsecured claims have been paid following the Petition Date.   Accordingly, only claims against the Debtors for prepetition amounts that have not been paid as of the time the Bankruptcy Materials were prepared have been included in the Bankruptcy Materials.

<u>Dates.</u>   Unless otherwise indicated, all asset and liability information is listed as of March 7, 2011 (the "**Petition Date**").

<u>Excluded Assets and Liabilities.</u>   The Debtors have excluded certain categories of assets and liabilities from the Bankruptcy Materials including goodwill and deferred tax assets and liabilities.

<u>General Reservation of Rights</u>.   The Debtors specifically reserve the right to amend, modify, supply, correct, change or alter any part of their Schedules and SOFAs as and to the extent necessary as they deem appropriate.

Insiders.   In the circumstance where the Bankruptcy Materials require information regarding insiders and/or officers and directors, the Debtors have attempted to include therein each of the Debtors' (a) directors and (b) employees that may be, or may have been during the relevant period, "officers," as such term is defined by applicable law. The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including without limitation, federal securities laws, or with respect to any theories of liability or for any other purpose.

Intercompany.   In the ordinary course of business, payments are routinely made by PJWE on behalf of PJRT. As a result, an intercompany transaction is recorded and PJWE has established a significant intercompany receivable from PJRT, who in turn books an intercompany payable, related to payments to vendors and payroll. On a consolidated basis these intercompany receivable and payable balances net to zero.

Specific Notes.   These Global Notes are in addition to the specific notes set forth below and in the individual Bankruptcy Materials.  Disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

Totals.   All totals that are included in the Bankruptcy Materials represent totals of all the known amounts included in the schedules.

Trade Accounts Receivable and Accounts Payable.   Trade Accounts Receivable are presented without consideration for any liabilities related to allowance for doubtful accounts, mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights or collateral held by the Debtors, unless otherwise stated.  Likewise, Accounts Payable do not include provisions for open or terminated contracts, liquidated damages, setoff rights or collateral that has been posed on behalf of the counterparty.

Valuation.   It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, net book values as of the Petition Date are reflected on the Bankruptcy Materials.  For this reason, amounts ultimately realized will vary from net book value, and such variance may be material.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" therefore, ultimate liabilities may differ materially from those stated in the Bankruptcy Materials.

**<u>Notes to the Schedules of Assets and Liabilities</u>**

<u>Schedule A:  Real Property.</u>  The value of the land and buildings included on Schedule A are reflected at the net book values which is net of accumulated depreciation, if applicable. The value for buildings includes property improvements and capitalized renovation costs, net of accumulated depreciation.

<u>Schedule B.2:   Checking, Savings and Other Financial Accounts.</u>  Bank account balances included on B.2 are reflective of the book balances as at March 7, 2011, which may differ slightly from the bank balances due to common reconciling items.  The bank accounts have been listed on Schedule B.2 of the Debtor whose name is actually listed on the bank account. In some instances, the payments made from, and the book balances related to, a particular bank account are reflected on the books of a Debtor other than the one whose actual name is listed on the bank account.

In order to alleviate privacy concerns, only the last 4 digits of the bank account numbers are listed on the schedule. Also included in B.2 are the balances of the various escrow accounts as at March 7, 2011.  These escrow accounts are held by the Master Servicer, Wachovia Bank, N.A.

<u>Schedule B.9:   Interests in Insurance Policies.</u>   The balance listed for each of the insurance policies represents the amount of prepaid insurance as at the Petition Date. No determination as to the surrender or refund value of each of the policies has been made.

<u>Schedule B.22:   Licenses, Franchises, and Other General Intangibles.</u>  The items listed by PJ Finance in Schedule B.22 are either not carried as individual assets in the Debtors' books and records or have been fully depreciated, therefore, the Debtors have not estimated their value.

<u>Schedule B.24: Customer Lists.</u>   PJRT and PJWE have compiled certain tenant lists and related tenant information. This information is confidential and has not been included on Schedule B; the omission of such information should not be deemed a conclusion that such information has no value or does not exist.

<u>Schedule D: Creditors Holding Secured Claims.</u>   The Debtors reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.   The descriptions provided in Schedule D are intended only to be a summary.  Reference to the

applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements. No attempt has been made to identify such agreements for purposes of Schedule D.

On September 4, 2009, in connection with the UCC foreclosure sale and resulting ownership of the interests in the Debtors, PJ Holding Company LLC became the owner of 100% of the interests in and to PJRT and PJWE, the borrowers under the existing mortgage loan encumbering the real estate with an existing principal balance of $475,000,000. In connection with this transaction, the company recorded a discount to fair value in the amount of $146,617,351, which is recorded as interest expense on a straight-line basis over the life of the mortgage loan.

As at March 7, 2011 the balance of the mortgage was:

| | |
|---|---:|
| Mortgage Payable | $ 475,000,000 |
| Interest Payable | 1,415,764 |
| Discount | (116,282,724) |
| **Total Mortgage Payable** | **$ 360,133,040** |

Which was split between PJWE and PJRT as follows:

| | |
|---|---:|
| PJWE | $ 265,046,567 |
| PJRT | 95,086,473 |
| **Total Mortgage Payable** | **$ 360,133,040** |

<u>Schedule E: Creditors Holding Unsecured Priority Claims.</u> While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors do not list a date for each claim listed on Schedule E.

The Debtors reserve the right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under 11 U.S.C. § 507.

The Debtors have not provided the security deposit detail related to individual tenants due to confidentially concerns and since individual tenants' claims to the security deposits is dependent on the condition of the rental unit upon departure.

<u>Schedule F:  Creditors Holding Unsecured Non-Priority Claims.</u>  Schedule F does not include certain deferred charges, deferred liabilities or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they are reflected on the Debtors' books and records as required in accordance with GAAP.

The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  While reasonable

efforts have been made to determine the date upon which each claim in Schedule F was incurred or arose, making all such determinations would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

In certain instances, the Debtor that is the subject of the litigation is unclear or underdetermined. However to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for the Debtor.

<u>Schedule G: Executory Contracts.</u> While commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusions may have occurred. The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.

In the ordinary course of business, the Debtors have entered into numerous agreements, both written and oral, regarding the provision of certain services on a month-to-month basis, including electricity, gas, water and telephone. The Debtors do not believe that such contracts constitute executory contracts and therefore, such agreements are not listed individually on Schedule G. Nevertheless, the Debtors reserve the right to assert that such agreements constitute executory contracts.

In some cases, the same supplier or provider may have multiple agreements listed in Schedule G. These agreements represent distinct agreements between the applicable Debtor and such supplier or provider, and will be listed as multiple contracts under the same counterparty.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. In addition, the applicable Debtor may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth on Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement)

related to a creditor's claims. Finally certain of the executory agreements may not have been memorialized and could be subject to dispute.

Listing a contract or agreement on this schedule does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. Any and all of the Debtors' rights, claims, and causes of action with respect to the contracts and agreements listed on this schedule are hereby reserved and preserved. Similarly, the listing of a contract or lease on this schedule does not constitute admission that such document is not a secured financing.

PJRT and PJWE have not included the individual tenant leases in Schedule G since this information is deemed confidential. The omission of such information should not be deemed a conclusion that such information has no value or does not exist.

**Notes to Statement of Financial Affairs**

SOFA 3b:  Payments to Creditors.  As discussed above, PJWE routinely makes payments on behalf of PJRT and records an intercompany transaction to reflect the activity. Wherever possible, the payments to creditors have been reflected on the appropriate SOFA.

PJWE and PJRT use a third party processing company, NWP Services Corporation ("NWP") to process utility invoices for the properties.  PJWE and PJRT make payments to NWP who in turn processes the payments to the approximately 65 utility vendors. Therefore, the payment for utilities in the 90 days prior to the Filing Date is recorded as payments to NWP.

SOFA 18: Nature, location and name of business.  The dates listed as beginning and ending dates of the business refer to the formation dates of the entity which may be different than the dates in which the Debtors became owners of the subsidiaries listed therein.

# United States Bankruptcy Court
## District of Delaware

In re: PJ Finance Company, LLC _____  Case No. ___11-10688 (BLS)___
              Debtor                                      Chapter   ___11___

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Stastical Summary of Certain Liabilities and Related Date" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0 | | |
| B - Personal Property | Yes | 6 | $65 + Undetermined | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $0 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $442,364 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | |
| **TOTAL** | | 13 | $65 + Undetermined | $442,364 | |

In re  PJ Finance Company, LLC
_____ ,     Case No.  11-10688 (BLS)
                  Debtor                                    _____
                                                            (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co¬tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

☑  Check this box if debtor has no real property to report on this Schedule A.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | ☐ | | |
| | | Total > (Report on Summary of Schedules) | $0 | $0 |

In re <u>PJ Finance Company, LLC</u> ,          Case No. <u>11-10688 (BLS)</u>
       Debtor                                            (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | ☑ | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | ☐ | MB Financial Bank  800 West Madison Street, Chicago, IL  60607  -  PJ Finance Company Checking | | $65 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | ☑ | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | ☑ | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | ☑ | | | |

In re <u>PJ Finance Company, LLC</u> , Case No. <u>11-10688 (BLS)</u>

Debtor (if known)

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6. Wearing apparel. | ☑ | | | |
| 7. Furs and jewelry. | ☑ | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | ☑ | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | ☑ | | | |
| 10. Annuities.  Itemize and name each issuer. | ☑ | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c).) | ☑ | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | ☑ | | | |

In re <u>PJ Finance Company, LLC</u> ,    Case No. <u>11-10688 (BLS)</u>
                Debtor                                (if known)

# SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | ☐ | 100% ownership of PJ Holding Company Manager, LLC<br><br><br>100% ownership of PJ Holding Company, LLC | | Undetermined<br><br><br>Undetermined |
| 14. Interests in partnerships or joint ventures. Itemize. | ☑ | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | ☑ | | | |
| 16. Accounts receivable. | ☑ | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | ☑ | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | ☑ | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | ☑ | | | |

In re    PJ Finance Company, LLC
_____,    Case No.    11-10688 (BLS)
                Debtor                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | ✔ | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | ✔ | | | |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | ✔ | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | ✔ | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | ✔ | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | ✔ | | | |
| 26. Boats, motors, and accessories. | ✔ | | | |

In re <u>PJ Finance Company, LLC</u> , Case No. <u>11-10688 (BLS)</u>

Debtor          (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27. Aircraft and accessories. | ☑ | | | |
| 28. Office equipment, furnishings, and supplies. | ☑ | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | ☑ | | | |
| 30. Inventory. | ☑ | | | |
| 31. Animals. | ☑ | | | |
| 32. Crops - growing or harvested. Give particulars. | ☑ | | | |
| 33. Farming equipment and implements. | ☑ | | | |
| 34. Farm supplies, chemicals, and feed. | ☑ | | | |

In re  PJ Finance Company, LLC
_____ ,  Case No.  11-10688 (BLS)
_____
         Debtor                                                        (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | ✔ | | | |
| | | | Total | $65 |
| | | | | + Undetermined |

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

In re  PJ Finance Company, LLC
_____ ,     Case No. _____
                     Debtor                                                                      (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable.  If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | ☐ | ☐ | | ☐ | ☐ | ☐ | | |
| Total > (Report also on Summary of Schedules.) | | | | | | | $0 | $0 |

In re <u>PJ Finance Company, LLC</u> ,　　Case No. <u>11-10688 (BLS)</u>
　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

In re   PJ Finance Company, LLC                                    ,        Case No.   11-10688 (BLS)
                              Debtor                                                                          (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

## (Continuation Sheet)

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


   * Amounts are subject to adjustment on April 1, 2013, and every three years thereafter with respect to cases commenced on or after the date of adjustment

In re  PJ Finance Company, LLC
_____ ,      Case No.  11-10688 (BLS)
                                                  _____
           Debtor                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Everest Real Estate Fund**<br>1200 N Ashland Avenue<br>#600<br>Chicago, IL 60622 USA | ☐ | ☐ | Unreimbursed Legal Fees | ☐ | ☐ | ☐ | $426,887 |
| ACCOUNT NO.<br>**Venable LLP**<br>1270 Avenue of the Americas<br>25th Floor<br>New York, NY 10020 USA | ☐ | ☐ | Professional Fees | ☐ | ☐ | ☐ | $15,477 |
| Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | | | | Subtotal > | $442,364 |
| | | | | | | Total > | $442,364 |
| | | | | (Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules.) | | | |

In re  PJ Finance Company, LLC                              ,     Case No.  11-10688 (BLS)
_____        _____
                Debtor                                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Gaia Real Estate Investments LLC** | Executed the new money term sheet with Gaia dated March 2, 2011. |

Sheet no. 1 of 1 continuation sheets

In re  PJ Finance Company, LLC                           ,        Case No.   11-10688 (BLS)
                    Debtor                                                              (if known)

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

Sheet no. 1 of 1 continuation sheets

In re  PJ Finance Company, LLC                          ,        Case No.  11-10688 (BLS)
                    Debtor                                                              (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____        Signature: _____
                                                                                              Debtor


Date _____        Signature: _____
                                                                                    (Joint Debtor, if any)

                                        [If joint case, both spouses must sign.]

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

    I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                  Social-Security No.
of Bankruptcy Petition Preparer                              *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X_____        _____
  Signature of Bankruptcy Petition Preparer                  Date


Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

    I, the _____ Chief Financial Officer _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ Corporation _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _14_ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____ 6/16/2011 _____        Signature: _____

                                                                      Scott Seegmiller
                                                                      [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*