# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re                                           : Chapter 11
                                                :
PJ Finance Company, LLC, *et al.*,[1]           : Case No. 11-10688 (BLS)
                                                :
       Debtors.                              : (Jointly Administered)
                                                :
---------------------------------------------------------------x  Re: Dkt. No. 65 & 364

## ORDER GRANTING APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL BANKRUPTCY RULE 2014-1, FOR AN ORDER AUTHORIZING THEM TO EMPLOY AND RETAIN CBRE CAPITAL ADVISORS, INC. AS FINANCIAL ADVISORS AND INVESTMENT BANKERS *NUNC PRO TUNC* TO THE PETITION DATE AND TO WAIVE THE INFORMATION REQUIREMENTS OF LOCAL BANKRUPTCY RULE 2016-2(d)

This matter coming before the Court on the *Application of Debtors and Debtors in Possession Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and Local Bankruptcy Rule 2014-1, for an Order Authorizing Them to Retain and Employ CBRE Capital Advisors, Inc. as Financial Advisors and Investment Bankers Nunc Pro Tunc to the Petition Date and to Waive the Information Requirements of Local Bankruptcy Rule 2016-2(d)* (the "<u>Application</u>"),[2] filed by the debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"); and the Court having reviewed the Application and the Carlin Declaration; and the Court having found that the relief requested is in the best interests of the

---

[1] The Debtors are the following seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): PJ Finance Company, LLC (8895), PJ Holding Company Manager, LLC (8895), PJ Holding Company, LLC (8895), Alliance PJRT GP, Inc. (1787), Alliance PJWE GP, L.L.C. (8133), Alliance PJRT Limited Partnership (1789) and Alliance PJWE Limited Partnership (8198). The mailing address of each of the Debtors solely for purposes of notices and communications is 1200 North Ashland Avenue, Suite 600, Chicago, Illinois 60622.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

EAST\44402021.5

Debtors' estates, their creditors and other parties in interest; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied based on the representations made in the Application and the Carlin Declaration that (a) CBRE Cap neither holds nor represents any interest adverse to the Debtors' estates and (b) CBRE Cap is "disinterested" as that term is defined in section 101(14) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and as required by section 327(a) of the Bankruptcy Code; and due and proper notice of this Application having been provided; and upon the statements of counsel for the Debtors made at the hearing on the Application; and the Court having found that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED:

1. As set forth below, the Application is granted.

2. The Debtors are authorized to employ and retain CBRE Cap in accordance with the terms and conditions set forth in the Engagement Letter, as modified by the provisions by this Order, effective *nunc pro tunc* to the Petition Date.

3. Except to the extent set forth herein, the Engagement Letter, including without limitation the Fees set forth therein, is approved pursuant to sections 327(a) and 330(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse and indemnify CBRE Cap in accordance with the terms and conditions and at the times specified in the Engagement Letter and none of the fees payable to CBRE Cap shall constitute a "bonus" or fee enhancement

under applicable law; provided, however, that any and all fees shall be subject to approval of the Bankruptcy Court as set forth in paragraph 5 of this Order.

4. Notwithstanding anything set forth in the Application or the Engagement Letter, all fees and expenses submitted by CBRE Cap shall be subject to review pursuant to section 330 of the Bankruptcy Code.

5. The Engagement Letter shall be modified as followed:

   (a) The Monthly Fee, as that term is defined in the Engagement Letter, shall be in the amount of $100,000; provided, however, that the Monthly Fee shall be $0 for the month of July 2011.

   (b) The fourth sentence of Paragraph 9(e) shall be stricken and, in its place, shall read "The Company further acknowledges and agrees that CBRE Cap has been retained to act solely as financial advisor to the Company."

   (c) CBRE Cap shall not be entitled to receive a Sale Transaction Fee if a Sale Transaction occurs and Torchlight Loan Services, LLC obtains ownership of the Properties through a credit bid.

   (d) In the event that the proposed restructuring transaction as contemplated by that certain Term Sheet involving a $10 million investment into the Debtors is consummated, CBRE Cap shall not seek any Restructuring Fee, Debt Financing Fee, New Equity Fee, Sale Transaction Fee or other transaction or success fee.

6. CBRE Cap shall file monthly, interim and final fee applications in accordance with any procedures established by the Court, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). However, notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications, CBRE Cap and its professionals shall be excused from maintaining time records in tenths of an hour as set forth in Local Rule 2016, but instead shall track professionals' time in

half-hour increments. Notwithstanding the foregoing sentence, CBRE Cap may track professional's time in hourly increments for the period from the Petition Date through March 31, 2011.

       7.    The indemnification provisions of the Engagement Letter are approved, subject during the pendency of the Debtors' chapter 11 cases to the following modification:

    (a)    The Debtors shall have no obligation to indemnify CBRE Cap, or provide contribution or reimbursement to CBRE Cap, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from CBRE Cap's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of CBRE Cap's contractual obligations, if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to In re United Artists Theatre Co., et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to CBRE Cap's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which CBRE Cap should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by the terms of the Order.

    (b)    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, CBRE Cap believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, CBRE Cap must file an application therefore in this court, and the Debtors may not pay any such amounts to CBRE Cap before the entry of an order by this Court approving such payment. This subparagraph (b) is intended only to specify the period during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by CBRE Cap and not to limit the duration of the Debtors' obligation to indemnify CBRE Cap; and

    (c)    Any limitation on the amount of liability pursuant to the terms of the Engagement Letter shall be eliminated.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. To the extent that this Order is inconsistent with the terms of the Application, the terms of this Order shall govern.

11. During the pendency of the Debtors' chapter 11 cases, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 16, 2011
Wilmington, Delaware

_____
HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE