IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                : Chapter 11
                                      :
PJ Finance Company, LLC, *et al.*,    : Case No. 11-10688 (BLS)
                                      :
              Debtors.                : Jointly Administered
                                      :
                                      : Re: Docket Nos. 5, 21, 34, 40, 48, 100, 189,
                                      : 195, 212, 230, 333
------------------------------------------------------------x

## SUPPLEMENTAL OBJECTION OF TORCHLIGHT LOAN SERVICES, LLC TO MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE USE OF LENDERS' CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)

Torchlight Loan Services, LLC, f/k/a ING Clarion Capital Loan Services, LLC, successor by appointment to ING Clarion Partners, LLC ("Torchlight"), as Special Servicer for U.S. Bank National Association, as successor trustee for the registered holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Pass-Through Certificates, Series 2007-C2, hereby objects (the "Supplemental Objection") to the Motion of the Debtors and Debtors In Possession (collectively, the "Debtors") For Entry of Interim and Final Orders (I) Authorizing the Use of Lenders' Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, and (III) Scheduling a Final Hearing Pursuant to

Bankruptcy Rule 4001(b) (the "Cash Collateral Motion")[1] [Docket No. 5], and in support thereof respectfully states:

1. Since March 7, 2011 (the "Petition Date"), the Debtors have used Torchlight's cash collateral for the Debtors' operations, and their continued management of the Properties.[2] Torchlight has consented to the limited interim use of its cash collateral pursuant to a limited budget that has been attached to each of the interim orders authorizing such use, while the Debtors and Torchlight were negotiating a possible consensual plan of reorganization.[3] Unfortunately, it has become clear to Torchlight that the parties are not going to reach a consensual resolution and, therefore, Torchlight must proceed with its objections to the use of cash collateral. By continuing to use Torchlight's cash collateral, the

---

[1] All terms not otherwise defined herein shall have the meaning ascribed such terms in the Cash Collateral Motion.

[2] Debtors sought authority to fund the business and expenses of these Cases based on a limited budget pursuant to their *Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Lenders' Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 5] (the "Cash Collateral Motion").

[3] This Court has authorized use of the cash collateral pursuant to the following:

    (i) *Interim Order (I) Authorizing the Use of Lenders' Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 21] (the "First Interim Order");

    (ii) *Second Interim Order (I) Authorizing the Use of Lenders' Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 48] (the "Second Interim Order");

    (iii) *Third Interim Order (I) Authorizing the Use of Lenders' Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 100] (the "Fourth Interim Order");

    (iv) *Fourth Interim Order (I) Authorizing the Use of Lenders' Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 230] (the "Fourth Interim Order"); and

    (v) *Fifth Interim Order (I) Authorizing the Use of Lenders' Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 333] (the "Fifth Interim Order").

Debtors are systematically attempting to permanently reduce their obligations to Torchlight while reaping any and all benefits of an improvement in valuation either upon a sale or refinance of such reduced amount of indebtedness.

2. Torchlight has objected to the use of its cash collateral on a number of grounds, including without limitation, the Debtors inability to use Torchlight's cash collateral because of an absolute assignment of rents and the Debtors' failure to provide adequate protection. Torchlight's prior objections are as follows, and are incorporated by reference as if set forth at length herein:[4]

>   a. *Objection of Torchlight Loan Services, LLC to Motion of Debtors and Debtors in Possession for Entry of Interim and Final Orders (I) Authorizing the Use of Lenders' Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 40] (the "Initial Cash Collateral Objection");
>
>   b. *Emergency Motion of Torchlight Loan Services, LLC Requesting Immediate Termination of Debtors' Use of Cash Collateral* [Docket No. 189] (the "Emergency Cash Collateral Objection"); and
>
>   c. *Supplemental Objection of Torchlight Loan Services, LLC to Motion of Debtors and Debtors in Possession for Entry of Interim and Final Orders (I) Authorizing the Use of Lenders' Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 212] (the "Supplemental Cash Collateral Objection", together with the Initial Cash Collateral Objection and the Emergency Cash Collateral Objection, the "Cash Collateral Objections").

3. The Fifth Interim Order sets forth September 21, 2011 as the final hearing date for approval of the Debtors' use of Torchlight's cash collateral. At this juncture in these Cases, over six months have expired since the Petition Date; six months of the Debtors'

---

[4] The Cash Collateral Objections also include detailed references to legal citations which are also incorporated by reference as if set forth at length herein.

continued use of Torchlight's cash collateral, while the Properties continue to languish. Millions of dollars of professional fees have been incurred compared to the mere $4.4 million of unsecured creditors. To date, the amounts owing to Torchlight have increased to over $497,000,000.00.

4. Regardless of, as the Debtors contend, a strong leasing season, it appears the Debtors are still unable to improve the cash flow from the Properties - - the cash flow by the properties have not significantly increased despite the failure to pay current debt service. In fact, Torchlight has, to date, gone 4 months without any interest payments, 2 months with significantly reduced interest payments ($750,000 paid versus approximately $2.1 million owed) and has received only one full interest payment.

5. Torchlight does not consent to any further use of its cash collateral, because at this juncture a consensual plan of reorganization seems unlikely. The Debtors cannot use Torchlight's cash collateral without its consent, because there is an absolute assignment of rents and the "adequate protection" offered by the Debtors is plainly insufficient for all of the reasons previously outlined in the Cash Collateral Objections. Torchlight cannot stand by, while the Properties are managed by WestCorp and the Debtors in such a way as to further deteriorate Torchlight's collateral without any adequate protection.

6. To date, the Debtors have only provided Torchlight financials on an aggregate basis, while Torchlight has repeatedly requested financials on a property specific basis. Torchlight's Collateral consists of 32 distinct apartment complexes and Torchlight is only being provided a mile-high view of the performance of the Properties. Without such specific financial information, Torchlight is being deprived of the ability to fully analyze performance

and operations. At a bare minimum, if this Court deems it appropriate to permit the Debtors to continue use of Torchlight's Cash Collateral, Torchlight requests that this Court require the Debtors to provide week by week variance reports on a property specific level.

WHEREFORE, Torchlight requests i) the Court deny use of cash collateral or condition it as the Court may deem appropriate, and ii) such other and further relief as is just.

Dated: Wilmington, Delaware
September 14, 2011

**RICHARDS, LAYTON & FINGER, P.A.**

_/s/ Paul N. Heath_
Paul N. Heath (Bar No. 3704)
Robert C. Maddox (Bar No. 5356)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
heath@rlf.com
maddox@rlf.com

--and--

**ANDREWS KURTH LLP**
Monica S. Blacker (TX Bar No. 00796534)
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401
monicablacker@andrewskurth.com

**COUNSEL FOR TORCHLIGHT LOAN SERVICES LLC**

5

RLF1 5344577v. 2

DAL:811829.3