## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                              :
In re                                         :   Chapter 11
                                              :
PJ Finance Company, LLC, et al.,¹             :   Case No. 11-10688 (BLS)
                                              :
                Debtors.                      :   (Jointly Administered)
                                              :
                                              :   Re: Dkt. No. 444 & 532
                                              :
-----------------------------------------------------------x
```

## ORDER APPROVING MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE APPROVING THE SERVICES AGREEMENT BETWEEN THE DEBTORS AND GLASSRATNER ADVISORY & CAPITAL GROUP, LLC

Upon consideration of *Motion of the Debtors and Debtors-in-Possession for Entry of an Order Pursuant to Section 363 of the Bankruptcy Code Approving the Retention of GlassRatner Advisory and Capital Croup, LLC and Stephen L. Kunkel as Chief Restructuring Officer* (the "Motion") and, after due and proper notice of the motion was given and a hearing was scheduled on the Motion;

It is ORDERED that:

1.      The Motion is GRANTED as modified herein.

---

[1] The Debtors are the following seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses):  PJ Finance Company, LLC (8895), PJ Holding Company Manager, LLC (8895), PJ Holding Company, LLC (8895), Alliance PJRT GP, Inc. (1787), Alliance PJWE GP, L.L.C. (8133), Alliance PJRT Limited Partnership (1789) and Alliance PJWE Limited Partnership (8198).  The mailing address of each of the Debtors solely for purposes of notices and communications is 1200 North Ashland Avenue, Suite 600, Chicago, Illinois 60622.

2.     The Debtors are authorized to engage GlassRatner Advisory and Capital Croup, LLC ("GlassRatner") and to designate Stephen L. Kunkel as Chief Restructuring Officer of the Debtors on the terms described in the Motion, subject to the following terms, which apply notwithstanding anything in the Motion or any exhibits related thereto to the contrary:

(a)     GlassRatner and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

(b)     In the event the Debtors seeks to have GlassRatner personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c)     GlassRatner shall file with the Court with copies to the United States Trustee (the "U.S. Trustee"), all official committees and Torchlight Loan Services, LLC ("Torchlight") a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d)     No principal, employee or independent contractor of GlassRatner and its affiliates shall serve as a director of any of the above-captioned Debtor(s) during the pendency of the above-captioned cases.

(e)     GlassRatner shall file with the Court, and provide notice to the U.S. Trustee, all official committees and Torchlight, reports of compensation earned and

expenses incurred on at least a quarterly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed.

(f)    Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(g)    The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

(h)    There shall be no indemnification of GlassRatner or its affiliates.

(i)     For a period of three years after the conclusion of the engagement, neither GlassRatner nor any of its affiliates shall make any investments in the Debtor(s) or the Reorganized Debtor(s).

(j)     GlassRatner shall disclose any and all facts that may have a bearing on whether the firm, its affiiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

Dated: Oct. 20, 2011
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE