IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
In re                                                          : Chapter 11
                                                               :
PJ Finance Company, LLC, et al.,[1]                            : Case No. 11-10688 (BLS)
                                                               :
   Debtors.                                                    : (Jointly Administered)
                                                               :
                                                               : Re: Dkt. Nos. 5, 8, 21, 34, 40, 48, 100, 120, 189,
---------------------------------------------------------------x 195, 212, 230, 333, 429, 431, 440, 443, 447, 448 &
                                                                 473 & 546


**AGREED ORDER ESTABLISHING EXTENDED DEADLINES AND
PROCEDURES RELATED TO DEBTORS' DISCLOSURE
STATEMENT, PLAN AND INVESTMENT PROCESS**

On September 19, 2011, the above-captioned debtors and debtors in possession

(collectively, the "<u>Debtors</u>") and the Official Committee of Unsecured Creditors (the

"<u>Committee</u>") filed the *Joint Plan of Reorganization of the Debtors and the Official Committee*

*of unsecured Creditors Under Chapter 11 Under Chapter 11 of the Bankruptcy Code* [Dkt No.

447](the "<u>Plan</u>") and the *Disclosure Statement for Joint Plan of the Debtors and the Official*

*Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 448]

(the "<u>Disclosure Statement</u>"). Torchlight Loan Services, LLC ("<u>Torchlight</u>" and together with

the Debtors and the Committee the "<u>Parties</u>") filed a (i) *Motion of Torchlight Loan Services, LLC*

*for Entry of an Order (I) Dismissing the Above-Captioned Chapter 11 Cases, or, Alternatively,*

---

[1] The Debtors are the following seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): PJ Finance Company, LLC (8895), PJ Holding Company Manager, LLC (8895), PJ Holding Company, LLC (8895), Alliance PJRT GP, Inc. (1787), Alliance PJWE GP, L.L.C. (8133), Alliance PJRT Limited Partnership (1789) and Alliance PJWE Limited Partnership (8198). The mailing address of each of the Debtors solely for purposes of notices and communications is 1200 North Ashland Avenue, Suite 600, Chicago, Illinois 60622.

*(II) Converting These Cases to Cases Under Chapter 7 for Cause Pursuant to 11 U.S.C. § 1112(b)* [Dkt. No. 146] (the "Motion to Dismiss") and (ii) *Motion of Torchlight Loan Services, LLC for Entry of an Order Terminating Debtors' Exclusive Periods for the Filing and Solicitation of a Chapter 11 Plan* [Dkt. No. 429] (the "Exclusivity Termination Motion"). In connection with the Motion to Dismiss and the Exclusivity Termination Motion the Debtors filed the *Debtors' Motion for an Order Expediting the Deadline to Respond to Discovery* [Dkt. No. 441] (the "Motion to Expedite Discovery"). In connection with the above referenced motions, the Parties agreed to a discovery schedule and procedures for third parties to submit bids to provide funding for the Debtors' Plan to become the sponsor of the Plan (the "Plan Sponsor") and on September 23, 2011, the Court entered the *Scheduling Order Regarding Certain Contested Matters* [Dkt. No. 473] (the "Scheduling Order"). In order to ensure that the Debtors are able to maximize the value of the Debtors' estates for the benefit of all of their creditors and stakeholders and to resolve or narrow the disputes among the Parties, the Parties have agreed to modify certain of the deadlines and procedures set forth in the Scheduling Order.

Now, therefore,

**IT IS HEREBY AGREED AND ORDERED** that:

1. Any party (a "Bidder") interested in becoming the Plan Sponsor must submit in writing to CBRE Capital Advisors, Inc. ("CBRE") any offer to become the Plan Sponsor no later than **December 2, 2011** (the "Offer Deadline"). CBRE shall promptly provide copies to the Debtors, the Committee and Torchlight within one (1) business day of its receipt of such offer. Such offer must at a minimum:

    a. state such Bidder is prepared to enter into a legally binding agreement to provide the necessary funding and become the Plan Sponsor on terms and conditions no less favorable to the Debtors and each constituent class under the Plan than the terms and conditions contained in the Plan (as determined by the Debtors' chief restructuring

officer ("CRO") in his reasonable business judgment and in consultation with the Committee and Torchlight) (each such offer an "Additional Offer");

b. be accompanied by a clean and mark-up of the Plan and plan support agreement (the "Modified Plan Documents") reflecting the variations from the Plan and plan support agreement, including a summary of revisions of material business and financial terms;

c. state that such Bidder is financially capable of consummating the transactions contemplated by the Modified Plan Documents;

d. state that such Bidder's offer is irrevocable until the order confirming the Plan has become a final order not subject to any further appeals;

e. contain such financial and other information, including contact information, that will allow the Debtors to make a reasonable determination as to the Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified Plan Documents, including adequate assurance of such Bidder's ability to perform under any executory contract the Bidder indicates it wants to assume;

f. acknowledge that such bid does not request or entitle the Bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment;

g. fully disclose the identity of each entity that will be financially responsible for the entity bidding or otherwise participating in connection with such bid, and the complete terms of any such participation and evidence of such financial responsibility;

h. (i) state that such bid does not contain any due diligence or financing contingencies of any kind; and (ii) provide evidence satisfactory to the Debtors that the bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to be the Plan Sponsor;

i. identify the property management company that such Bidder intends to engage to manage the Debtors' properties following the effective date of the Plan if different than the management company presently managing the properties, together with a copy of any proposed property management agreement or term sheet setting forth the essential terms thereof including, without limitation, the fee, any incentive compensation, term and performance standards;

j. include evidence of authorization and approval from the Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified Plan Documents; and

k. be accompanied by a cash deposit equal to the greater of (i) $1 million or (ii) 10% of the value of new money investment proposed by such bid (the "Deposit") to be wired to the escrow account to be created by the Debtors and provided to potential Plan Sponsors prior to the Offer Deadline.

2. Any party requesting additional information in connection with making a bid should contact CBRE at glenn.carlin@cbrecap.com, eric.tanjeloff@cbrecap.com, and Damian.Taylor@cbrecap.com.

3. The Debtors will make all Properties available for inspection by Bidders prior to the Auction at a date and time reasonably agreed to by the Bidder and the Debtors. Such requests to inspect the Properties shall be made to CBRE.

4. In the event that the Debtors timely receive an Additional Offer accompanied by the required Deposit, the Debtors shall conduct an auction (the "Auction") with respect to pbecoming the Plan Sponsor. The Auction will take place at the offices of DLA Piper, LLP (US), 203 North LaSalle Street, 19th floor, Chicago, Illinois 60601, on **December 8, 2011**, starting at 10:00 a.m. (prevailing Central Time), or at such other place, date and time as may be designated in writing by the Debtors.

5. Prior to the Auction, CBRE shall provide to the Debtors, Torchlight and the Committee a comparison of all Additional Offers received.

6. The Auction shall be governed by the following procedures:

   a. only the Bidders that submit an offer that is determined to be an Additional Offer shall be entitled to make any subsequent bids at the Auction;

   b. the Plan Sponsors currently set forth in the Plan as filed are entitled to be a Bidder at the Auction following their execution of the plan support agreement and payment of the Deposit;

   c. each Bidder shall be required to confirm that it has not engaged in any collusion with respect to its Additional Offer;

   d. each Bidder shall appear in person at the Auction, or through a duly authorized representative;

   e. the Debtors will announce at the commencement of the Auction the terms of the best Additional Offer submitted prior to the Auction;

f. Bidders may then submit successive bids which will be evaluated by the Debtors in consultation with the Committee and Torchlight;

g. the Auction will be conducted openly and each Bidder will be informed of the terms of the previous bid determined by the Debtors', in consultation with Torchlight and the Committee, to be the current highest or otherwise best Additional Offer;

h. the Auction shall continue until there is only one Additional Offer that the Debtors', in consultation with the Committee and Torchlight, determine, subject to Court approval, is the highest or otherwise best Additional Offer from among the Additional Offers submitted at the Auction (the "Prevailing Bid"). In making this decision, the Debtors shall consider, without limitation, the amount of the new money investment provided by the Bidder, the net benefit to the Debtors' estates and each of the constituent classes under the Plan, the feasibility of the terms of any consideration to be paid over time following the effective date of the plan, the form of consideration being offered, the likelihood of the Bidder's ability to close a transaction and the timing thereof, and the number, type and nature of any changes to the Plan requested by each Bidder. The Bidder submitting such Prevailing Bid shall become the "Prevailing Bidder," and shall have such rights and responsibilities of the Plan Sponsor, as set forth in the applicable Modified Plan Documents, as amended to reflect the Prevailing Bid. Within three (3) days after adjournment of the Auction (but in any event prior to the commencement of the hearing on the Disclosure Statement), the Prevailing Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Prevailing Bid was made. Absent irregularities in the conduct of the Auction, or reasonable and material confusion during the bidding, bids made after the close of the Auction shall not be considered by the Court;

i. the bidding at the Auction will be transcribed; and

j. the Debtors' business judgment will be exercised and discharged by management of the Debtors, which shall include, without limitation, the CRO; provided, however, that in the event any person involved with management is also directly or indirectly a proposed Plan Sponsor, then each such person shall not participate in the Debtors' deliberation and the exercise and discharge of the Debtors' business judgment.

7. Except as otherwise provided herein, all Deposits shall be returned to each bidder not selected by the Debtors in accordance with the above procedures as the Prevailing Bidder by no later than the fifth (5th) business day following the close of the Auction.

8. The Debtors, in the exercise of their fiduciary obligations, following consultation with the Committee and Torchlight, are authorized to modify the procedures set forth in paragraphs 1 and 6 of this Order in a manner not inconsistent with the terms of this Order or to impose, at or prior to the Auction, additional customary terms and conditions, including, without

limitation, extending the deadlines set forth in paragraphs 1 and 4 of this Order, limiting the time during which Bidders may caucus before submitting bids, privately caucusing with any one or several Bidders, or adjourning the Auction at the Auction. The decision to undertake any such modifications, adjournments, extensions or otherwise, remains within the sole discretion of the Debtors' CRO in the exercise of his business judgment, subject, if appropriate or necessary, to the review of the Court.

9. If an Additional Offer is submitted by the Offer Deadline and the Debtors conduct the Auction, objections to approval of the Disclosure Statement shall be filed and served on the Parties, the Office of the United States Trustee and parties requesting service pursuant to Federal Rule of Bankruptcy Procedure 2002 on or before **December 12, 2011 at 4:00 p.m. prevailing Eastern time**. The Debtors and the Committee shall file and serve any response to objections on or before **December 14, 2011 at 4:00 p.m. prevailing Eastern time**.

10. Following the Auction, the Court will hold a hearing regarding approval of the Disclosure Statement on **December 15, 2011 at 1:00 p.m.** (the "Disclosure Statement Hearing").

11. All discovery concerning the Plan, Disclosure Statement, Motion to Dismiss or the Exclusivity Termination Motion is hereby stayed through the Offer Deadline. On or about the Offer Deadline, the Parties shall meet and confer with respect to extending this stay of discovery, or scheduling discovery, if necessary.

12. If no Additional Offer is submitted by the Offer Deadline (i) the Debtors shall not hold an Auction, (ii) the Disclosure Statement Hearing shall be adjourned to the Contested Hearing, as defined below, without further order of the Court or notice, (iii) the Debtors and the Committee will proceed with confirmation of the Plan and (iv) the Parties shall complete discovery, including depositions, if any, respecting the Plan, Disclosure Statement, Motion to

Dismiss or the Exclusivity Termination Motion no later than December 31, 2011. The Committee and the current holders of the Debtors equity interests ("Equity") have standing to attend and participate in all such depositions.

13. If no Additional Offer is submitted by the Offer Deadline, the Court will hold a hearing regarding approval of the Disclosure Statement, Motion to Dismiss or the Exclusivity Termination Motion on January 18, 2012 at 10 a.m. (the "Contested Hearing").

14. The Debtors' exclusive period to solicit acceptances of the Plan is extended through and including February 28, 2012, without further motion, but subject to any further order of the Court on the Exclusivity Termination Motion.

15. Beginning with the week of October 24, 2011 and continuing through December 8, 2011, the Debtors' CRO shall meet via telephone or in person no less that twice a week with a business person designated by Torchlight and a financial advisor to the Committee to discuss the status of any offers received from Bidders and other items related to the Plan or operation of the properties. CBRE shall contact any potential Plan Sponsors identified by Torchlight and shall provide them access to the Debtors' data room administered by CBRE on the same terms and conditions required of any other potential Plan Investors.

16. Beginning the week of October 24, 2011 and continuing through December 8, 2011, CBRE shall provide Torchlight and the Committee with a status matrix with details on all bidders and potential bidders contacted by CBRE, including diligence and related activities and CBRE, along with the Debtors' CRO, shall meet either in person or via telephone no less than once a week with a business person designated by Torchlight and a financial advisor to the Committee to discuss those parties CBRE has contacted to solicit Additional Offers to become the Plan Sponsor and communications CBRE has had with parties expressing interest in

becoming the Plan Sponsor. The *Fifth Interim Order (I) Authorizing the Use of Lenders' Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001*[Dkt. No 333](the "<u>Fifth Interim Cash Collateral Order</u>") shall remain in full force and effect through the conclusion of the later of the Disclosure Statement Hearing or the Contested Hearing, as the case may be. Any objections to the Debtors' use of cash collateral filed by either Torchlight or the Committee shall be withdrawn by such respective parties within three business days of entry of this Order by the Court, without prejudice to refiling the same or additional objections prior to the Contested Hearing.

17. Deadlines in this Order may be extended only by the Court for good cause shown, or by agreement of the Parties.

Dated: October __, 2011
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE